1

**GREENBERG TRAURIG, LLP**

2

Robert J. Herrington (SBN 234417) (HerringtonR@gtlaw.com)
1840 Century Park East, Suite 1900

3

Los Angeles, CA 90067
Telephone: (310) 586-7700

4

Facsimile: (310) 586-7800

*Attorneys for Defendant Global Tel*Link Corporation*

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID W. MARTIN, an individual,<br><br>              Plaintiff,<br><br>v.<br><br>GLOBAL TEL*LINK CORPORATION, an Alabama corporation,<br><br>              Defendant. | Case No. 4:15-cv-00449-DMR<br><br>[Assigned to Honorable Donna M. Ryu]<br><br>**DEFENDANT GLOBAL TEL*LINK CORPORATION'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: April 30, 2015<br>Time: 11:00 a.m.<br>Place: 1301 Clay Street, Oakland, CA 94612<br><br>**Action filed: December 5, 2014**<br>**Trial: none set** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that on April 30, 2015 at 11:00 a.m. or as soon thereafter as the

3    matter may be heard in a Courtroom to be assigned for the Honorable Judge Donna M. Ryu of the

4    above-entitled Court, located at 1301 Clay St., Oakland, CA 94612, Defendant Global Tel*Link

5    Corporation ("GTL") will and hereby does move the Court for an order, pursuant to 28 U.S.C. §

6    1404(a), transferring venue of this action to the Central District of California, where two other

7    previously filed and related actions are pending, and to where one other related action also was

8    recently transferred.

9         This Motion will be based on this Notice of Motion and Motion, the accompanying

10   Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the

11   Declaration of Chérie R. Kiser filed in support of the concurrently filed motion to stay proceedings,

12   and the pleadings and other materials filed herein and in any related actions, and on such other and

13   further oral and documentary evidence as may be presented at the hearing on this Motion.[1]

14   Dated:  March 20, 2015                          GREENBERG TRAURIG, LLP

15

16                                                  By:  */s/ Robert J. Herrington_____*
                                                        *Attorneys for Defendant*
17                                                      *Global Tel*Link Corporation*

18

19

20

21

22

23

24

25

26   _____

27   [1] GTL has filed a motion to strike defective class allegations, and to stay this action.  Should the
     Court grant this motion to transfer, then the other motion will become moot, and may be re-noticed
28   on the docket in the newly assigned Court Room in the Central District of California.

                                                    1

**<u>TABLE OF CONTENTS</u>**

I.      PRELIMINARY STATEMENT ........................................................................1

II.     BACKGROUND INFORMATION AND SUMMARY OF PROCEDURAL

        HISTORY...........................................................................................................1

        A.      Background Information Regarding GTL's Collect-Call Service and Pending

                Petition Before the FCC. ......................................................................1

        B.      Proceedings in This Action. ..................................................................2

        C.      The Related Cases. ................................................................................3

III.    THIS ACTION SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT

        OF CALIFORNIA WHERE THE OTHER RELATED CASES ARE VENUED. ................4

        A.      This action could have been brought in the Central District of California. ................5

        B.      The interests of justice favor transfer to the Central District of California.................5

        C.      The remaining factors weigh in favor of transfer or are neutral. ...............................7

IV.     CONCLUSION ...................................................................................................9

GTL'S MOTION TO TRANSFER VENUE                    Case No. 4:15-cv-00449-DMR
*TCO 361183727v2*

1

2

# **TABLE OF AUTHORITIES**

**Cases**

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
   946 F.3d 622 (9th Cir. 1991) .................................................................................6

*Berenson v. Nat'l Financial Servs., LLC*,
   319 F. Supp. 2d 1 (D.D.C. 2004) ..........................................................................8

*Cardoza v. T-Mobile USA Inc.*,
   No. 08-5120 SC, 2009 WL 723843 (N.D. Cal. Mar. 18, 2009).....................6, 7, 8, 9

*Continental Grain Co. v. The FBL-585*,
   364 U.S. 19 (1960) ...........................................................................................6, 9

*Freedom Mortgage Corp. v. Irwin Fin. Corp.*,
   No. C.A. 08-146 GMS, 2009 WL 763899 (D. Del. Mar. 23, 2009) ............................7

*In re Galectin Therapeutics, Inc. Sec. Litig.*,
   Nos. 3:14-cv-00399-RCJ-WGC and 3:14-cv-00402-RCJ-WGC, 2015 WL
   260881 (D. Nev. Jan. 21, 2015) .....................................................................5, 7, 8

*Garcia v. 3M Co.*,
   No. C-09-01943 RMW, 2009 WL 3837243 (N.D. Cal. Nov. 16, 2009)................7, 8, 9

*Hawkins v. Gerber Prods. Co.*,
   924 F. Supp. 2d 1208 (S.D. Cal. 2013) ................................................................6, 7

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000)................................................................................7

*London & Hull Mar. Ins. Co. v. Eagle Pac. Ins. Co.*,
   No. C 96-01512 CW, 1996 WL 479013 (N.D. Cal. Aug. 14, 1996) ...........................5

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987)................................................................................7

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ..............................................................................................5

*U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*,
   357 F. Supp. 2d 924 (E.D. Va. 2005)....................................................................6

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ............................................................................................4

**Statutes**

28 U.S.C. § 1391(b)(1)...............................................................................................5

28 U.S.C. § 1391(c)(2)...............................................................................................5

28 U.S.C. § 1404(a) ...............................................................................................4, 5

47 U.S.C. § 227 .........................................................................................................1

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      PRELIMINARY STATEMENT**

Plaintiff David W. Martin seeks to represent a putative national class against Defendant Global Tel*Link Corporation ("GTL"), alleging violations of the Telephone Consumer Protection Act (the "TCPA"), which generally prohibits telemarketers from using an artificial voice or recording when calling residences or cell phones, sending unsolicited advertising faxes, sending unsolicited text messages to cell phones, and otherwise limits certain activities by telemarketers. *See* 47 U.S.C. § 227.  But, before this action was filed, at least two other virtually identical lawsuits already were pending in the Central District of California, and another competing and related putative class action lawsuit also was recently ordered transferred to the Central District of California.

Because Plaintiff seeks to represent a putative nationwide class against GTL, his claims here duplicate those already pending in the actions in the Central District of California.  There is no justification for this action proceeding here, and there is every justification for transferring this action to the court where the previously filed, virtually identical cases already are venued.  Thus, GTL brings this motion to transfer this action to the Central District of California.

**II.      BACKGROUND INFORMATION AND SUMMARY OF PROCEDURAL HISTORY**

**A.      Background Information Regarding GTL's Collect-Call Service and Pending Petition Before the FCC.**

GTL is a telecommunications company that provides telephone service to correctional facilities.  (FAC, ¶ 12.)  In facilities that contract with GTL for collect-calling services, inmates dial the number of the person they want to call, and GTL uses a system to connect that number and announce the collect call to the call recipient.  (FAC, ¶¶ 13-14.)  If the recipient agrees to accept the charges, GTL sets up an account to bill the recipient and connects the call.  The system uses automation for security reasons, so that inmates cannot reach a live operator and potentially pass information or coordinate illicit activities outside the jail.  GTL, of course, is not a telemarketer, does not place solicitation calls, and does not generate the telephone numbers itself (rather, the inmate does that).  (FAC, ¶ 17.)  Thus, GTL's calling system cannot run afoul of the TCPA.

1

GTL'S MOTION TO TRANSFER VENUE                     Case No. 4:15-cv-00449-DMR
TCO 361183727v2

1    Still, to ensure uniform application of law regarding the TCPA, GTL has filed a Petition for

2    Expedited Clarification and Declaratory Ruling ("Petition") with the FCC, seeking clarification

3    regarding the inapplicability of the TCPA to GTL's services and to collect-call services in general.

4    GTL's Petition currently is pending on the FCC's active TCPA docket, CG No. 02-278.

5    (Declaration of Chérie R. Kiser filed in support of concurrently filed motion for stay, ¶ 2, Ex. A.)

6    Accordingly, if venue of this action is not transferred, then the Court should grant GTL's motion to

7    stay these proceedings, under the primary jurisdiction doctrine.

8         **B.      Proceedings in This Action.**

9    Plaintiff filed his original Complaint in the Southern District of California on December 5,

10   2014, seeking to represent a California putative class and alleging that he received phone calls

11   facilitated by GTL's system, apparently because an unidentified inmate dialed Plaintiff's cell phone.

12   (Compl., ¶¶ 19, 31.)  On December 16, 2014, before GTL had appeared in the action, the Southern

13   District of California issued an Order to Plaintiff to Show Cause as to why the complaint should not

14   be dismissed for improper venue.  (Dkt. No. 3.)  Plaintiff responded, asserting that venue was

15   proper in the Southern District of California based on allegations that GTL does business there.

16   (Dkt. No. 4.)  Alternatively, Plaintiff requested transfer to the Northern District of California, based

17   on allegations that Plaintiff lived there and that a substantial part of the events giving rise to the

18   claim allegedly occurred there.  (*Id.*)

19   Although Plaintiff's Complaint acknowledged the existence of one of the earlier filed cases

20   then pending in the Central District of California (*see* Compl., ¶¶ 16-17), nothing in Plaintiff's

21   response to the Order to Show Cause alerted the District Court as to the existence of that earlier

22   filed case.  And, nothing in Plaintiff's Complaint or in his response to the Order to Show Cause

23   alerted the District Court to the existence of the *second* earlier filed case.

24   Relying on the Plaintiff's response to the Order to the Show Cause, on January 29, 2015, the

25   District Judge in the Southern District of California ordered this action transferred to the Northern

26   District of California, noting that Plaintiff alleged he resided there and that he received the subject

27   phone calls there.  (Dkt. No. 5-1.)  The Court's transfer order stated that "Defendant did not submit

28

GTL'S MOTION TO TRANSFER VENUE                    Case No. 4:15-cv-00449-DMR
TCO 361183727v2

1  anything" in response to the Order to Show Cause; of course, that was only because all this
2  occurred before GTL ever appeared in this action.

3      While Plaintiff's original Complaint sought to represent only a California putative class
4  (Compl., ¶ 31), after transfer to this district, Plaintiff filed a First Amended Class Action Complaint,
5  in which he now seeks to represent not only a California putative class, but also a national putative
6  class defined as:

7      All persons within the United States to whose cellular telephone number
8  Defendant placed a non-emergency telephone call using an automatic telephone
9  dialing system or an artificial or prerecorded voice without prior express consent, on
10  or after the date that is four years prior to the filing of this action until the date that is
11  20 days following the filing of this action,

12      Collectively, all these persons will be referred to as "Plaintiffs" or "Class
13  members." Plaintiff represents, and is a member of, the Class.  Excluded from the
14  Class are Defendant and any entities in which Defendant has a controlling interest,
15  Defendant's agents and employees, the Judge to whom this action is assigned and
16  any member of the Judge's staff and immediate family, and claims for personal
17  injury, wrongful death and/or emotional distress.

18  (FAC, ¶ 30.)  Thus, this action now envelops the two previously filed actions pending in the Central
19  District of California, and also competes with another related case that also was ordered transferred
20  to the Central District of California.

21      **C.**    **The Related Cases.**

22      The first-filed case was *Cohen v. Global Tel\*Link Corporation*, which was initially filed on
23  September 10, 2009 in the Superior Court of the State of California, and then later removed to the
24  Central District of California and given the Case Number 2:12-cv-05447-JFW-PJW.  (RJN, Ex. A
25  [*Cohen* Notice of Removal, attaching Complaint].)  *Cohen* is currently stayed, pursuant to the
26  primary jurisdiction doctrine, pending a decision by the FCC on GTL's March 4, 2010 Petition for
27  Expedited Clarification and Declaratory Ruling.  (RJN, Ex. B [*Cohen* Stay Order].)  Plaintiff's own
28  allegations reveal that he knows the *Cohen* action was filed first and then removed to the Central

3

GTL'S MOTION TO TRANSFER VENUE      Case No. 4:15-cv-00449-DMR
TCO 361183727v2

1  District of California.  (*See* FAC, ¶¶ 16-18 [citing to the *Cohen* docket and quoting from a motion
2  filed in that action].)

3         The second-filed case was *Hernandez v. Global Tel\*Link Corporation*, which was filed on
4  September 23, 2014 in the Central District of California and given the Case Number 8:14-cv-01536.
5  (RJN, Ex. C [*Hernandez* Complaint].)   GTL has answered in that action, which was recently
6  reassigned to the docket of the same District Judge handling the first-filed *Cohen* case.  (*Hernandez*,
7  Central District of California Case Number 8:14-cv-01536-JFW-PJW, Dkt. Nos. 14 [Answer] and
8  23 [Order].)

9         Three days after this action was filed, a competing class action styled as *Lee v. Global
10  Tel\*Link Corporation* was filed in Nevada state court and subsequently removed to the United
11  States District Court for the District of Nevada.  (RJN, Ex. D [*Lee* Notice of Removal, Complaint].)
12  *Lee* was subsequently ordered transferred to the Central District of California.  (RJN, Ex. E [*Lee*
13  Docket showing transfer minute order].)  Notably, the *Lee* case actually was the first among all four
14  related cases to seek to represent a national putative class.  (RJN, Ex. D [*Lee* Notice of Removal,
15  Complaint ¶ 22].)   Plaintiff here only amended his Complaint to add a nationwide putative class
16  *after* the plaintiff in *Lee* sought to represent a national putative class.

17         *Cohen*, *Hernandez*, and *Lee* all assert the same basic claims against GTL, namely that GTL
18  allegedly violated the TCPA by calling the various plaintiffs' telephones with prerecorded messages
19  and/or automated telephone dialing systems.  (RJN, Ex. A [*Cohen* Notice of Removal, Complaint at
20  ¶¶ 7-9]; Ex. C [*Hernandez* Complaint at ¶¶ 8-21]; Ex. D [*Lee* Notice of Removal, Complaint ¶¶ 9-
21  21, 34-40].)

22  **III.     THIS ACTION SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF**
23         **CALIFORNIA WHERE THE OTHER RELATED CASES ARE VENUED.**

24         Section 1404(a) authorizes this Court to transfer this action to another district.  28 U.S.C. §
25  1404(a).  The goal of Section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to
26  protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van
27  Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  The statute presents a two-part test on its face:  (1) the
28  transferee district must be one in which the action "might have been brought;" and (2) the transfer

4

must be for the convenience of the parties and witnesses, and in the interest of justice.  28 U.S.C. § 1404(a); *see also In re Galectin Therapeutics, Inc. Sec. Litig.*, Nos. 3:14-cv-00399-RCJ-WGC and 3:14-cv-00402-RCJ-WGC, 2015 WL 260881, at *2 (D. Nev. Jan. 21, 2015) (same).  Here, both parts of the test are satisfied.

### A.    This action could have been brought in the Central District of California.

A civil action may be brought in any judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1).  Here, Plaintiff seeks to represent a national putative class against just one defendant, GTL, which, for purposes of venue, is deemed to reside in the Central District of California, because GTL is subject to personal jurisdiction there.  *See* 28 U.S.C. § 1391(c)(2) (defining "residency" for purposes of venue as "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action").  Thus, the first part of the section 1404(a) test is satisfied.

### B.    The interests of justice favor transfer to the Central District of California.

District courts are given discretion to "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  But the most important factor for consideration is the interests of justice.  *See London & Hull Mar. Ins. Co. v. Eagle Pac. Ins. Co.*, No. C 96-01512 CW, 1996 WL 479013, at *3 (N.D. Cal. Aug. 14, 1996) ("The 'interests of justice' consideration is the most important factor a court must consider, and may be decisive in a transfer motion even when all other factors point the other way."); *see also In re Galectin*, 2015 WL 260881, at *2 ("A court considering transfer may also weigh the 'interest of conserving judicial resources and practical considerations which will facilitate a final resolution of the litigation in an expeditious and inexpensive manner.'").

Here, the interests of justice weigh in favor of transfer.  Specifically, as explained above, two previously filed cases (*Cohen* and *Hernandez*) involving the same issues and the exact same defendant are pending in the Central District of California.  And the other related case, *Lee*, which also has been ordered transferred to the Central District of California, was the first to seek a nationwide putative class action on the same issues and against the exact same defendant.  Allowing

GTL'S MOTION TO TRANSFER VENUE                    Case No. 4:15-cv-00449-DMR
TCO 361183727v2

1   such parallel actions to proceed in different forums is needlessly wasteful, while coordinating these

2   actions will avoid waste, avoid potentially inconsistent rulings and judgments, promote judicial

3   economy, and make it easier to facilitate any coordinated efforts to resolve the matters informally.

4   *See Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) (affirming transfer to another

5   district court where a virtually identical action already was pending:  "To permit a situation in

6   which two cases involving precisely the same issues are simultaneously pending in different District

7   Courts leads to the wastefulness of time, energy and money that [§] 1404(a) was designed to

8   prevent."); *accord Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214-15, 1217 (S.D. Cal.

9   2013) (transferring to another district court where "five similar cases" already had been filed:  "The

10  Court finds that the transfer of this action … would serve the interest of justice due to the possible

11  consolidation of discovery and the conservation of time, energy and money, and the avoidance of

12  the possibility of inconsistent judgments."); *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 357 F.

13  Supp. 2d 924, 937-39 (E.D. Va. 2005) (transferring to another district court where two related cases

14  were pending:  "The interest of justice weighs heavily in favor of transfer when related actions are

15  pending in the transferee forum.  This is particularly so when the 'two cases are intimately related

16  and 'hinge upon the same factual nucleus.' … Pendency of such a related action in the transferee

17  forum weighs in favor of transfer, 'not only because litigation of related claims in the same tribunal

18  facilitates efficient, economical and expeditious pre-trial proceedings and discovery, but because it

19  avoids ... [duplicative] litigation and inconsistent results.'" (citations and footnote omitted)).

20      Moreover, deference should be paid to the first-filed actions in the Central District of

21  California, especially inasmuch as Plaintiff here seeks to represent a nationwide putative class,

22  which would include the plaintiffs in the earlier filed *Cohen* and *Hernandez* actions.  Plaintiff

23  should not be permitted to needlessly duplicate those efforts and purport to speak for them by filing

24  a virtually identical action in another forum.  *See, e.g., Cardoza v. T-Mobile USA Inc.*, No. 08-5120

25  SC, 2009 WL 723843, at *2 (N.D. Cal. Mar. 18, 2009) (transferring to another district court where a

26  previously filed and similar action was pending:  "The first-to-file rule 'allows a district court to

27  transfer, stay, or dismiss an action when a similar complaint has already been filed in another

28  federal court.' … This rule [] 'should not be disregarded lightly.'" (quoting *Alltrade, Inc. v.*

6

1   *Uniweld Prods., Inc.*, 946 F.3d 622, 623 (9th Cir. 1991)); *see also Freedom Mortgage Corp. v.*

2   *Irwin Fin. Corp.*, No. C.A. 08-146 GMS, 2009 WL 763899, at *4 (D. Del. Mar. 23, 2009) (first-

3   filed rule "is a rule based on sound judicial administration, comity, and equity. ... Its purpose is to

4   avoid differing outcomes on the same issue by two sister courts, thereby minimizing duplicative

5   litigation in different fora, and saving judicial resources.").

6        In sum, only by transferring this action, so that the Central District of California can

7   coordinate the related actions together, can a district court avoid the waste that section 1404(a) was

8   designed to prevent.

9        **C.    The remaining factors weigh in favor of transfer or are neutral.**

10       Other factors a court may consider include:    "(1) plaintiff's choice of forum; (2)

11   convenience of the parties and witnesses; (3) ease of access to the evidence; (4) familiarity of each

12   forum with the applicable law; (5) feasibility of consolidation with other claims; (6) any local

13   interest in the controversy; and (7) the relative court congestion and time to trial in each forum."

14   *Cardoza*, 2009 WL 723843, at *2 (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th

15   Cir. 2000)).  As shown, each of these factors eithers weighs in favor of transfer or is neutral.

16       **Plaintiff's choice of forum.**   Although a plaintiff's choice of forum is ordinarily given

17   weight, this factor is far less significant in cases such as this one where a plaintiff seeks to represent

18   a national class. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is

19   generally accorded plaintiff's choice of forum, … when an individual brings a derivative suit or

20   represents a class, the named plaintiff's choice of forum is given less weight."); *see also Garcia v.*

21   *3M Co.*, No. C-09-01943 RMW, 2009 WL 3837243, at *2 (N.D. Cal. Nov. 16, 2009) (same);

22   *Hawkins*, 924 F. Supp. 2d at 1214 (same); *In re Galectin*, 2015 WL 260881, at *4 (same).

23       **Convenience of parties and witnesses.**   GTL is a Delaware corporation with its principal

24   place of business located in Virginia.  (FAC, ¶ 8.)  Thus, GTL, which conducts business throughout

25   California, has no greater connection to the Northern District than it does to the Central District.  As

26   for Plaintiff, he seeks to represent a national putative class of individuals who would have received

27   such phone calls all over the United States.  (FAC, ¶ 31).  Even Plaintiff's putative California class

28   is not limited to just the Northern District, but would apply to any putative class members "within

                                                  7

the state of California." (FAC, ¶ 33.)  Thus, inasmuch as the Central District of California is more populous than the Northern District, there is every reason to believe this factor is either neutral or even favors transfer to the Central District.  *See Berenson v. Nat'l Financial Servs., LLC*, 319 F. Supp. 2d 1, 4 (D.D.C. 2004) (ordering transfer and taking into consideration the relative distribution of potential class members); *see also In re Galectin*, 2015 WL 260881, at *3 (noting the "probable diversity of the plaintiffs' locations" indicates that both the transferor venue and the transferee venue "are likely of equal convenience").

Moreover, with respect to third-party witnesses, Plaintiff has identified none.  Regardless, Plaintiff cannot claim the Central District would be inconvenient to anyone, because the Central District actually is much closer to the Southern District where Plaintiff originally filed this case.

**Ease of access to evidence.**  This is a non-factor.  Plaintiff's claim is that certain GTL phone calls made to all fifty states violated the TCPA, and there is no reason to believe that the Northern District or the Central District will have any greater access to proof than any of the other district courts in the United States.

**Familiarity with applicable law.**  As explained above, the gravamen of this action and of each related action is that GTL allegedly violated the TCPA—a federal statute.  Accordingly the Central District of California is just as qualified to rule on the governing law.  *See Garcia*, 2009 WL 3837243, at *5 (transferring action "based on federal law" from Northern District of California to District of Minnesota, and finding both courts are "equally familiar with the applicable law"); *see also In re Galectin*, 2015 WL 260881, at *5 (finding this factor neutral where "the federal courts in either district would have equal familiarity with the [federal] law").

**Feasibility of consolidation with other claims.**  "The feasibility of consolidation is a significant factor in a transfer decision, and even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties."  *Cardoza*, 2009 WL 723843, at *5.  Here, because this is a putative class action, this case fully envelops the previously filed *Cohen* and *Hernandez* cases, and it also is competing with the *Lee* case which was the first as between these two actions to seek a nationwide putative class.  Thus, this factor plainly weighs in favor of transfer to the Central

8

District, because permitting cases "'involving precisely the same issues'" to proceed "'in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" *Cardoza*, 2009 WL 723843, at *5 (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960); *see also Garcia*, 2009 WL 3837243, at *5 (holding that, even absent consolidation with a case pending in the transferee court, consideration of the "practicalities of making the trials easy, expeditions and economical" weighed in favor of transfer).

**Any local interests in the controversy.** This is a non-factor here. Plaintiff cannot claim any compelling local interest in the Northern District, because (i) Plaintiff seeks to represent a national putative class, and (ii) Plaintiff even initially filed this case in the Southern District of California.

**Relative court congestion and time to trial in each forum.** If anything, this factor favors transfer, inasmuch as the potential judicial economies achieved by coordinating all the related cases before one judge in the Central District of California will reduce overall court congestion and eliminate needlessly duplicative judicial efforts.

\*\*\*

In sum, these additional considerations either favor transfer or are neutral.

## IV.  CONCLUSION

Given the strong interests of justice that favor coordination of related actions and transfer to the venue where there first-filed actions are pending, this Court should grant this motion and transfer this action to the Central District of California.

Dated: March 20, 2015                          GREENBERG TRAURIG, LLP


                                               By: */s/ Robert J. Herrington*_____
                                               *Attorneys for Defendant*
                                               *Global Tel\*Link Corporation*