**GREENBERG TRAURIG, LLP**
Robert J. Herrington (SBN 234417) (HerringtonR@gtlaw.com)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
*Attorneys for Defendant Global Tel*Link Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DAVID W. MARTIN, an individual,

Plaintiff,

v.

GLOBAL TEL*LINK CORPORATION, an Alabama corporation,

Defendant.

Case No. 4:15-cv-00449-DMR

[Assigned to Honorable Donna M. Ryu]

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GLOBAL TEL*LINK CORPORATION'S (1) MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, AND (2) MOTION TO STRIKE CLASS ALLEGATIONS, AND TO STAY PROCEEDINGS PENDING ACTION BY THE FCC**

Date: April 30, 2015
Time: 11:00 a.m.
Place: 1301 Clay Street, Oakland, CA 94612

Action filed: December 5, 2014
Trial: none set

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Defendant Global Tel*Link Corporation ("GTL") hereby request the Court to take judicial notice, pursuant to Federal Rule of Evidence 201(b)(2) and (c)(2), of the following court records and facts:

**Exhibit A.** Notice of Removal to federal court filed by GTL on June 22, 2012 in *Cohen v. Global Tel*Link Corporation*, currently pending in the Central District of California, Case No. 2:12-cv-05447-JFW-PJW (the "*Cohen* action"). The Notice of Removal attaches as Exhibit A thereto a conformed copy of the Complaint filed by plaintiff William Cohen in California Superior Court on September 10, 2009.

**Exhibit B.** Order of the Hon. John F. Walter, U.S. District Judge, staying the *Cohen* action pending action by the FCC on GTL's March 4, 2010 Petition for Expedited Clarification and Declaratory Ruling. (*Cohen* action Dkt. No. 22.) The *Cohen* action remains stayed, as of the date of this Request for Judicial Notice.

**Exhibit C.** Complaint filed on September 23, 2014 in *Hernandez v. Global Tel*Link Corporation*, currently pending in the Central District of California, Case No. 8:14-cv-01536. GTL has answered in the *Hernandez* action, which was reassigned to the docket of the District Judge handling the first-filed *Cohen* case. (*See Hernandez*, Central District of California Case Number 8:14-cv-01536-JFW-PJW, Dkt. Nos. 14 [Answer] and 23 [Order].)

**Exhibit D.** Notice of Removal to federal court filed by GTL on January 12, 2015 in *Lee v. Global Tel*Link Corporation*, currently pending in the United States District Court for the District of Nevada, Case No. 2:15-cv-00063-RFB-VCF (the "*Lee* action"). The Notice of Removal attaches as Exhibit A thereto a conformed copy of the Complaint filed by plaintiff Alice Lee in Nevada state court on December 8, 2014.

**Exhibit E.** The *Lee* action Docket, showing a text entry by the Court at Docket Entry No. 11 and reflecting a minute order in chambers ordering transfer of the *Lee* action to the Central District of California.

These records are properly noticed by the Court here. *See* Fed. R. Evid. 201(b)(2), (c)(2); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[U]nder Fed.R.Evid. 201, a court may take judicial notice of 'matters of public record.'"); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of court records); *accord Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) ("[C]ourt records are available online to members of the public; as they are court records, this court may take judicial notice of them.").

Dated: March 20, 2015

GREENBERG TRAURIG, LLP

By: */s/ Robert J. Herrington*

*Attorneys for Defendant*
*Global Tel*Link Corporation*

# Exhibit A

COPY

Robert J. Herrington (SBN 234417)
Denise M. Mayo (SBN 261471)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email: *HerringtonR@gtlaw.com*

Attorneys for Defendant
GLOBAL TEL*LINK CORPORATION

FILED
2012 JUN 22 PM 12:47
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ________

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM COHEN,<br>Plaintiff,<br>v.<br>GLOBAL TEL*LINK CORPORATION, and DOES 1 through 20,<br>Defendants. | Case No.: CV 12-5447 -JFW (PJWx)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[28 U.S.C. §§ 1331, 1441(A) AND 1446]** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Defendant Global Tel*Link Corporation ("GTL") in the action entitled *William Cohen v. Global Tel*Link Corporation, and Does 1 through 20*, filed in the Superior Court of the State of California, for the County of Los Angeles (the "Action"), has removed this Action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1331, § 1441, and § 1446. The grounds for removal are as follows:

**Compliance With Statutory Requirements**

1. On or about September 10, 2009, Plaintiff William Cohen initiated this Action by filing the Complaint in the Superior Court of the State of California for the County of Los Angeles, Case No. 09E11020, captioned *William Cohen v. Global Tel*Link Corporation, and Does 1 through 20*. Plaintiff alleged causes of action against GTL for violation of 47 U.S.C. § 227 ("Telephone Consumer Protection Act" or "TCPA") and 47 C.F.R. § 64.1200.

2. Actions brought under the TCPA, a federal statute, are federal questions. *See* 28 U.S.C. § 1331. However, at the time Plaintiff filed this Action, the Ninth Circuit rule was that, due to language in 47 U.S.C. § 227(b)(3) expressly permitting state courts to hear private actions brought under the TCPA, such actions were subject to exclusive state court jurisdiction. *See, e.g.*, *Roylance v. ADT Sec. Servs., Inc.*, 2008 WL 2168690, at *2 (N.D. Cal. May 22, 2008) ("[T]he TCPA provides explicitly that an individual may bring a private right of action in *state* court. 47 U.S.C. §§ 227(b)(3), (c)(5). Accordingly, there is no federal question jurisdiction."). Therefore, at the time the Action was filed, it was not removable.

3. On March 17, 2010, GTL moved to stay the proceedings because GTL had filed a Petition For Expedited Clarification And Declaratory Ruling ("Petition") regarding the TCPA with the Federal Communications Commission ("FCC"), the administrative body best suited to interpret the TCPA. GTL moved to stay the Action pending the FCC's ruling on GTL's Petition.

4. On May 4, 2010, the trial court granted GTL's motion to stay proceedings in *William Cohen v. Global Tel*Link Corporation, and Does 1 through 20*, pending the FCC's ruling on GTL's Petition.

5. On January 18, 2012, while all proceedings were still stayed in the case, the United States Supreme Court decided *Mims v. Arrow Financial Services, LLC*, 565 U.S. ___, 132 S.Ct. 740 (2012). *Mims* resolved a circuit split and held that federal courts have jurisdiction over private actions brought under the TCPA. As explained above, prior to *Mims*, the Ninth Circuit rule was that private actions brought under the TCPA could be brought only in state court. Therefore, *Mims* established federal subject matter jurisdiction over TCPA cases brought in the Ninth Circuit and made such cases removable. *Mims*, 123 S.Ct. at 753 (explaining that private actions brought under the TCPA and filed in state court would thereafter be removable); *see also Bailey v. SLM Corp.*, No. 5:11-CV-00715, 2012 WL 1598059, at *5 (S.D. W. Va. May 7, 2012) ("Therefore, upon consideration of the holding in *Mims*, this Court finds that Defendants' removal is proper, in its invocation of federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over Plaintiff's TCPA cla[i]m.").

6. On May 23, 2012, the trial court lifted the stay in this case. Removal of the Action is timely because it is within 30 days from when the Action became removable. *See* 28 U.S.C. § 1446(b). As the Ninth Circuit has explained, a stay tolls the limitations period for removal. *Patterson v. Int'l Broth. of Teamsters, Local 959*, 121 F.3d 1345, 1349 (9th Cir. 1997) ("If an automatic stay is in effect at the time the plaintiff files a state court action . . . , the thirty-day period for removal does not begin to run until relief is obtained from the automatic stay.") (citing *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 908-09 (6th Cir. 1993)). Here, the stay tolled the limitations period on removal after the *Mims* decision created federal jurisdiction, and the lifting of the stay on May 23, 2012, made the Action removable.

7. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon GTL are attached as Exhibit A.

8. Pursuant to 28 U.S.C. § 1446(d), GTL promptly will provide written notice of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles.

**Intradistrict Assignment**

9. Plaintiff filed this case in the Superior Court of California, County of Los Angeles; therefore, this case may properly be removed to the Western Division of the Central District of California. 28 U.S.C. § 1441(a).

**Jurisdiction**

10. This Court has original federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 (as interpreted by the United States Supreme Court in *Mims v. Arrow Financial Services, LLC*, 565 U.S. ___, 132 S.Ct. 740 (2012)). Federal courts have original concurrent jurisdiction over a private action brought under the TCPA. *See* 47 U.S.C. § 227; *Mims*, 132 S.Ct. at 749 (explaining that nothing in the TCPA strips federal courts of their section 1331 federal question jurisdiction over federal claims).

WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Dated: June 22, 2012

GREENBERG TRAURIG, LLP

By: ______________________
Robert J. Herrington
Denise M. Mayo

Attorneys for Defendant
GLOBAL TEL*LINK
CORPORATION

# EXHIBIT A

EXHIBIT A

EXHIBIT A

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ORIGINAL FILED
Northwest District
SEP 10 2009
LOS ANGELES
SUPERIOR COURT

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
GLOBAL TEL*LINK CORPORATION and DOES 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
WILLIAM COHEN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NORTHWEST DISTRICT District
6230 SYLMAR AVE, VAN NUYS, CA 91401

CASE NUMBER:
*(Número del Caso):*
09F11020

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kenneth P. Koury (Bar # 123993) Fax No.:
Kenneth P. Koury, Esq., Suite G-201, 5807 Topanga Cyn Blvd., Woodland Hills, CA 91367 Phone No.: (818) 715-9149

DATE: *(Fecha)* SEP 10 2009 Clerk, by *(Secretario)* N. Whitlock, Deputy *(Adjunto)*

JOHN A. CLARKE

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Global Tel*Link Corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 9/11/09

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

Exhibit A Page 1

KENNETH P. KOURY, ESQ. (123993)
Attorney at Law
SUITE G-201
5807 TOPANGA CANYON BOULEVARD
WOODLAND HILLS, CALIFORNIA 91367
(818) 715-9149

Attorney for WILLIAM COHEN

ORIGINAL FILED
Northwest District
SEP 10 2009
LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| WILLIAM COHEN<br><br>Plaintiff(s)<br><br>vs.<br><br>GLOBAL TEL*LINK CORPORATION and DOES 1 through 20<br><br>Defendants. | CASE No.: 09E11020<br><br>COMPLAINT FOR VIOLATION OF 47 USC 227 AND 47 C.F.R. § 64.1200; THE CONSUMERS LEGAL REMEDIES ACT<br><br>(LIMITED CIVIL CASE - $25,000 OR LESS) |

Plaintiff alleges:

FIRST CAUSE OF ACTION, VIOLATION OF

47 U.S.C. 227AND 47 C.F.R. § 64.1200

(Against all defendants)

1. Plaintiff is an individual who resides in or does business in LOS ANGELES County, California within the jurisdiction of this court.

2. Defendant GLOBAL TEL*LINK CORPORATION is, and at all times alleged herein was, a business organization of a form presently unknown that is authorized to do and is doing business in the state of California.

3. Defendants DOES 1 through 20 inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff are

Exhibit A Page 2

informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that plaintiff' damages as alleged in this complaint were proximately caused by such defendants.

4. Defendants acted as alleged herein within the jurisdictional boundary of this court.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint, each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of all other codefendants.

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint, each of the defendants was part of a common scheme or conspiracy organized and run by one of the fictitious defendants operating under a number of shell corporations in which this fictitious defendants made the telephone calls that are the subject of this litigation to plaintiff and that each of the defendants shared plaintiff's telephone numbers among each other.

7. Title 47 United States Code, section 227 and 47 C.F.R. § 64.1200 forbid the sending of a recorded advertising message to telephone lines such as the lines subscribed to by plaintiff. Title 47 United States Code, section 227 and 47 C.F.R. § 64.1200 also either forbid or require a variety of acts including but not limited to providing proper identifying and contact information, maintaining and providing proper written do not call policies and procedures, training employees and keeping proper records. These statutes and regulations provide for a private cause of action for the recipient and gives jurisdiction of the matter to this court. It provides for an award of actual damages or $500.00 per violation, whichever is greater. In the event the defendants have willfully or knowingly violated the above the court has the discretion to award treble damages of $1,500.00 per violation.

8. Plaintiff received one or more telephone calls from the defendants within the past four years in violation of 47 USC 227and 47 C.F.R. § 64.1200.

9. Plaintiff further alleges on information and belief that in each instance defendant(s) had actual notice of participation, or a high degree of involvement, in a plan to violate 47 USC 227 and 47 C.F.R. § 64.1200 by, for example, knowing the that the telephone calls were recorded advertisements or participating in preparing their content, providing or obtaining the telephone

number of plaintiff or other recipients, and knowing that plaintiff or other recipients had not authorized the calls by prior express invitation or permission.

10. Actual damages in this case were nominal. Plaintiff therefore elects to recover the mandatory minimum statutory damages of $500.00 for each violation of 47 USC 227 and 47 C.F.R 64.1200.

11. Plaintiff is informed and believes and thereon alleges that defendants knew or should have known that the unsolicited calls made by them were in violation of 47 USC 227 and 47 C.F.R. § 64.1200 and that the calls were willful and knowing. As such, plaintiff also seeks an award of treble damages, or $1,500.00 for each such violation.

12. Plaintiff alleges, that the acts of defendants were willful and malicious, intentionally calculated to harm and injure the plaintiff. These wrongful acts have been performed in conscious disregard of the rights of plaintiff. Therefore, an award of exemplary damages should be allowed under Civil Code Section 3294.

13. The unsolicited advertisements are continuing and plaintiff seeks recovery for all such violations, including violations transmitted after this complaint is filed and up to the time of trial.

14. As a proximate result of defendants' acts as alleged herein, plaintiff was damaged in an amount to be proven but no more than $25,000.00.

15. Plaintiff is entitled to a reasonable attorney's fee together with the costs of suit pursuant to Cal. Code Civ. Proc. § 1021.5.

SECOND CAUSE OF ACTION, THE CONSUMERS LEGAL REMEDIES ACT

(Against all defendants)

16. Plaintiff refers to Paragraphs 1 through 15 of this complaint and makes them a part of this Cause of Action by reference.

17. By acting as alleged herein defendants violated the Consumers Legal Remedies Act.

18. Plaintiff has performed all acts required by the Consumers Legal Remedies Act prior to filing this lawsuit.

19. Defendants failed or refused to properly respond or act as required under the Consumers Legal Remedies Act upon plaintiff's complaint.

20. Plaintiff is entitled to an award of attorney fees under the Consumers Legal Remedies Act.

21. As a proximate result of defendants' acts as alleged herein, plaintiff was damaged in an amount to be proven but no more than $25,000.00.

22. Plaintiff alleges, that the acts of defendants were willful and malicious, intentionally calculated to harm and injure the plaintiff. These wrongful acts have been performed in conscious disregard of the rights of plaintiff. Therefore, an award of exemplary damages should be allowed under Civil Code Section 3294 and the Consumers Legal Remedies Act.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. Statutory damages of $500.00 for each violation of 47 USC 227, 47 C.F.R. and/or § 64.1200 by defendants in an amount to be proven but no more than $25,000.00;
2. Statutory damages of $1,500.00 for each violation defendants that was willful and knowing in an amount to be proven but no more than $25,000.00;
3. Exemplary damages according to proof;
4. For attorney fees as allowed by law including Cal. Code Civ. Proc. § 1021.5 and the Consumers Legal Remedies Act;
5. For costs of suit herein incurred; and
6. For such other and further relief as the court may deem proper..

Dated: September 7, 2009

Kenneth P. Koury, Esq.

AFFIDAVIT OF PLAINTIFF

I, William Cohen, declare:

This action is being filed in this cou: t because the defendants are all doing business within the jurisdiction of this court and the vio! ations all occurred in Van Nuys, California and within the jurisdiction of this court.

I declare under penalty of perjury th it the foregoing is true. Executed at Los Angeles, California on September 7, 2009.

William Cohen

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

ORIGINAL FILED
Northwest District
SEP 10 2009
LOS ANGELES
SUPERIOR COURT

COURTHOUSE ADDRESS:
NORTHWEST DISTRICT VAN NUYS SUPERIOR COURT 6230 SYLMAR AVE. VAN NUYS CA 91401

PLAINTIFF:

DEFENDANT:

NOTICE OF CASE MANAGEMENT REVIEW – LIMITED CIVIL

CASE NUMBER:
09E11020

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this Notice of Case Management Review on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be reviewed no later than 30 days before the Case Management Review date.

NO APPEARANCE IS NECESSARY. The court will set any future hearings/required actions, based on the case management review. Your Case Management Review has been scheduled as follows:

| Date: 3/9/2010 | Dept: 108 | Room #: 630 |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT REVIEW DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form CM-110) must be filed at least 15 calendar days prior to the Case Management Review date. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

The Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq., for failure to file the Case Management Statement, or effectively participate at the Case Management Review.

Dated: JOHN A. CLARKE SEP 10 2009

Judicial Officer
Gregg Marcus

CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Review upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in ______________________, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

JOHN A. CLARKE, Executive Officer/Clerk

Dated: JOHN A. CLARKE SEP 10 2009

by ______________________ N. Whitright
Deputy Clerk

NOTICE OF

Exhibit A Page 7

SUPERIOR C T OF CALIFORNIA, COUNTY OF LOS GELES
NOTICE OF CASE ASSIGNMENT - LIMITED CIVIL CASE

| ASSIGNED BENCH OFFICER | DEPT: | ROOM |
|---|---|---|
| GREG MARCUS | 108 | 630 |

# NOTICE GIVEN TO THE PLAINTIFF/CROSS-COMPLAINANT/ATTORNEY

## Instructions For Handling Limited Civil Cases

The following critical provisions, as applicable in the Van Nuiy District are, cited for your information

PRIORITY OVER OTHER RULES: The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule ~~7.2(c) thereof.~~

CHALLENGE TO ASSIGNED JUDGE: To the extent set forth therein, Government Code section 68616(i) and Local Rule 7.5 control the timing of Code of Civil Procedure section 170.6 challenges.

TIME STANDARDS: The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110). Failure to meet time standards may result in the imposition of sanctions. (Local Rule 7.13).

Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50).

CASE MANAGEMENT REVIEW: A Case Management Review will be scheduled by the Court for no later than 180 days after the filing of the complaint. (Local Rule 7.9(a)(2)).

Pursuant to California Rules of Court, rules 3.720-3.730, no later than 15 calendar days before the date set for Case Management Review/Conference, each party (individually or jointly) must file and serve a Case Management Statement using the mandatory Judicial Council form No. CM-110.

DEFAULTS (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed. Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed. The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.

NOTICED MOTIONS: All regularly noticed motions will be calendared through the assigned department. Each motion date must be separately reserved and filed with appropriate fees for each motion. Motions for Summary Judgment must be identified at the time of reservation. All motions should be filed in Room 107.

EX PARTE MATTERS: All ex parte applications should be noticed for the courtroom. Ex parte appearance applications for direct set courtrooms must be filed by 8:15 AM in Room 107 on the day of the hearing. Ex parte appearance matters set in Div.Dept NWH(ie., all unlawful detainers where posession is still at issue) must be noticed for Div./Dept. NWP, but filed at Counter 3 or 4, Room 107, no later than 8:15 AM on the day of the hearing.

UNINSURED MOTORISTS CLAIMS: Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court, identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

TO BE CONFORMED

**SCHEPER KIM & OVERLAND LLP**
DIANN H. KIM (State Bar No. 118742)
dkim@scheperkim.com
WILLIAM H. FORMAN (State Bar No. 150477)
wforman@scheperkim.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

**Attorneys for Defendant**
**Global Tel*Link Corporation**

ORIGINAL FILED
Northwest District
OCT 1 8 2009
LOS ANGELES
SUPERIOR COURT

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, NORTHWEST DISTRICT**

WILLIAM COHEN,

Plaintiff,

v.

GLOBAL TEL*LINK CORPORATION, and DOES 1 through 20,

Defendants.

CASE NO. 09E11020

**ANSWER BY DEFENDANT GLOBAL TEL*LINK CORPORATION TO THE COMPLAINT**

Assigned to Hon. Gregg Marcus, Dept. 108

Action Filed: September 10, 2009
Trial Date: None Set

Defendant Global Tel*Link Corporation ("GTL"), for itself and no other defendant, answering the unverified Complaint herein, admits, denies and alleges as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), GTL denies generally and specifically each and every allegation contained in the Complaint, and the whole thereof. GTL further specifically denies that Plaintiff was injured, damaged, or suffered any loss as alleged, or at all.

GTL further alleges the following affirmative defenses to the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim – Generally)**

1. The Complaint, and each and every purported cause of action therein, fails to state

Exhibit A Page 9

a claim upon which relief may be granted against GTL.

**SECOND AFFIRMATIVE DEFENSE**

**(Regulatory Exception And Safe Harbor)**

2. Plaintiff's claims are barred, in whole or in part, because GTL was required to comply, and did comply, with all applicable statutes and with the requirements and regulations of the Federal Communications Commission and other regulatory agencies.

**THIRD AFFIRMATIVE DEFENSE**

**(No Initiation or Dissemination)**

3. The Complaint fails to state any violation of state or federal law because GTL did not initiate any call, and did not disseminate any advertisement.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Damages)**

4. The Complaint fails to state any claim for damages for exposure to any alleged unlawful practices.

**FIFTH AFFIRMATIVE DEFENSE**

**(*Bona Fide* Error)**

5. To the extent the Complaint identifies any unlawful conduct by GTL, no award of damages may be given because such conduct was not intentional and resulted from a *bona fide* error notwithstanding the use of reasonable procedures adopted to avoid any such error.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure To Cooperate During Statutory Cure Period)**

6. The Complaint fails to state a claim because Plaintiff deprived GTL of any opportunity to cure the alleged unlawful conduct upon thirty days written notice as required by statute, by failing to cooperate with GTL, including by refusing to provide GTL with Plaintiff's telephone number.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Intervening Causation)**

7. Plaintiff's claims are barred because the alleged damages resulted from new and

independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of GTL.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Violation of Law/Public Policy)**

8. The Complaint is barred to the extent that Plaintiff's acts or failures to act which gave rise to the conditions and/or claims referenced in the Complaint were a violation of law and/or policy.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

9. The Complaint is barred to the extent that Plaintiff failed to act reasonably on his own behalf to minimize, avoid or otherwise mitigate damages.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

10. The Complaint is barred in whole or in part by the doctrine of waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

11. The Complaint is barred in whole or in part by the doctrine of estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees and Costs)**

12. The Complaint fails to allege facts sufficient to entitle Plaintiff to attorneys' fees and costs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Willful or Knowing Violation)**

13. The Complaint fails to allege facts sufficient to establish that GTL willfully or knowingly violated any law.

Exhibit A Page 11

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Right to Assert Additional Defenses)**

14. The Complaint does not describe the events and claims therein alleged with sufficient particularity to permit GTL to determine what defenses may exist to such events and claims. GTL therefore reserves the right to assert all defenses which may pertain to the Complaint once the precise nature of such events is ascertained.

WHEREFORE, GTL prays for judgment as follows:

1. That Plaintiff take nothing and be granted no relief by reason of the Complaint;

2. That GTL be awarded its costs and attorneys' fees in this action pursuant to Section 1780(e) of the California Civil Code; and

3. For such other and further relief as the court may deem just and proper.

DATED: October 13, 2009

SCHEPER KIM & OVERLAND LLP
DIANN H. KIM
WILLIAM H. FORMAN
ALEXANDER H. COTE

By: [signature]
Alexander H. Cote
Attorneys for Defendant
Global Tel*Link Corporation

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Los Angeles, State of California. My business address is 601 West Fifth Street, 12th Floor, Los Angeles, California 90071-2025.

On October 13, 2009, I served true copies of the following document(s) described as

**ANSWER BY DEFENDANT GLOBAL TEL*LINK CORPORATION TO THE COMPLAINT**

on the interested parties in this action as follows:

Kenneth P. Koury, Esq.
Suite G-201
5807 Topanga Canyon Blvd.
Woodland Hills, CA 91367
Telephone: (818) 715-9149

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Scheper Kim & Overland's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 13, 2009, at Los Angeles, California.

PAM POLOSKI

TO BE CONFORMED

**SCHEPER KIM & HARRIS LLP**
DIANN H. KIM (State Bar No. 118742)
dkim@scheperkim.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@scheperkim.com
WILLIAM H. FORMAN (State Bar No. 150477)
wforman@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

**Attorneys for Defendant Global Tel*Link Corporation**

ORIGINAL FILED
Northwest District
MAY 05 2010
LOS ANGELES
SUPERIOR COURT

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – NORTHWEST DISTRICT**

WILLIAM COHEN,

Plaintiff,

v.

GLOBAL TEL*LINK CORPORATION; and DOES 1 through 20,

Defendants.

CASE NO. 09E11020

**NOTICE OF RULING**

Date: April 19, 2010
Time: 9:00 a.m.
Dept.: 106

Assigned to Hon. Gregory Keosian

Action Filed: September 10, 2009
Trial Date: None Set

**TO THE PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Global Tel* Link Corporation's Motion To Stay Matter Pending Action By The Federal Communications Commission came on regularly for hearing on May 4, 2010, before this Court, the Honorable Gregory Keosian presiding. After full consideration of the papers submitted herewith, the files and records herein, the Court ruled as follows:

1. Defendant's Motion to Stay Matter Pending Action by the Federal Communications Commission is granted. The Court adopted its tentative ruling on the matter, a true and correct copy of which is attached as Exhibit A hereto.

DATED: May 4, 2010

SCHEPER KIM & HARRIS LLP
DIANN H. KIM
ALEXANDER H. COTE
WILLIAM H. FORMAN

By: [signature]
Alexander H. Cote
Attorneys for Defendant
GLOBAL TEL*LINK CORPORATION

# EXHIBIT A

Exhibit A Page 16

Cohen v. Global Tel*Link Corporation
Case No:09 E 11020

**Tentative Ruling**: Granted.
The complaint alleges that Global Tel*Link Corporation's collect call services for prisoners violates the Telephone Consumer Protection Act (TCPA). 47 USC §227. The FCC regulates the scope of pre-recorded messages under TCPA. 47 USC §227(b)(2)(A-B). FCC Global Tel*Link Corporation filed Petition for Expedited Clarification and Declaratory Ruling in order to obtain regulatory clarification. Should the FCC chose to issue a declaratory ruling, said ruling may be dispositive on the future litigation of the action. 47 USC §227(b)(2)(B). The FCC may also decline to rule. Either way, a stay is warranted pending a decision from the FCC.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 601 West Fifth Street, 12th Floor, Los Angeles, California 90071-2025.

On May 5, 2010, I served true copies of the following document(s) described as

**NOTICE OF RULING GRANTING MOTION TO STAY**

on the interested parties in this action as follows:

Kenneth P. Koury, Esq.
Suite G-201
5807 Topanga Canyon Blvd.
Woodland Hills, CA 91367
Telephone: (818) 715-9149

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Scheper Kim & Harris' practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 5, 2010, at Los Angeles, California.

P. Poloski

Pam Poloski

| SUPERIOR COURT OF THE STATE OF CALIFORNIA, NORTHWEST DISTRICT-VAN NUYS COURT COUNTY OF LOS ANGELES | FOR COURT USE ONLY<br>F I L E D<br>SUPERIOR COURT<br>3/29/12<br>JOHN A. CLARKE, CLERK |
|---|---|
| COURTHOUSE ADDRESS:<br>6230 SYLMAR AVENUE<br>VAN NUYS, CA 91401-0000 | |
| PLAINTIFF: COHEN, WILLIAM<br>DEFENDANT: GLOBAL TEL*LINK CORPORATION | |
| NOTICE OF STATUS CONFERENCE AND ORDER | CASE #: 09E11020 |

To plaintiff/petitioner and self-represented parties: Notice is hereby given that the Status Conference in the above-entitled action will be held on

| Date: 5/23/12 Time: 8:30 A.M. Department: 106<br>Address: 6230 SYLMAR AVE, VAN NUYS, CA 91401, |
|---|

RE:

At the Status Conference the Court will determine the present status of the case, how to achieve compliance with time standards, whether any party has not been diligent in pursuing the case, and will make appropriate orders intended to move this matter forward to final disposition.

ORDER

Failure to comply or appear may result in an Order to Show Cause re the imposition of sanctions.

Dated: 3/29/12

LELAND HARRIS, JUDGE
Judicial Officer

CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Status Conference and Order upon each party or counsel named below by depositing in the United States mail at the courthouse in VAN NUYS, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

DATE: 3/29/12

John A. Clarke, Executive Officer/Clerk
By: FLORIAN RODRIGUEZ Deputy Clerk

LACIV 167 06-04 NOTICE OF STATUS CONFERENCE LASC Local Rules, Chapter 7
LASC Approved AND ORDER Cal. Rules of Court, rule 2.2 et seq.

Exhibit A Page 19

| PLAINTIFF: COHEN, WILLIAM<br>DEFENDANT: GLOBAL TEL*LINK CORPORATION | CASE #: 09E11020 |
|---|---|

KOURY, KENNETH PIO
5807 TOPANGA CANYON BLVD
WOODLAND HILLS, CA 91367

KIM, DIANN HYUNG
601 WEST FIFTH STREET, 12TH FLOOR
LOS ANGELES, CA 90071-2025

RECEIVED
MAR 3 0 2012

LACIV 167 06-04 NOTICE OF STATUS CONFERENCE LASC Local Rules, Chapter 7
LASC Approved AND ORDER Cal. Rules of Court, rule 2.2 et seq.

Exhibit A Page 20

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles, CA 90067-2101. My email address is hagemane@gtlaw.com.

On June 22, 2012, I served the document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT [28 U.S.C.§§ 1331, 1441(A) AND 1446]** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Kenneth P. Koury
Kenneth P. Koury, Attorney at Law
5807 Topanga Canyon Blvd., Ste. G-201
Woodland Hills, CA 91367
Tel: 818-715-9149

☐ **(BY MAIL)** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **(BY FEDERAL EXPRESS)** I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Federal Express. Under the practice it would be deposited with Federal Express on that same day with postage thereon fully prepared at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☒ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 22, 2012, at Los Angeles, California.

[signature]
Ellen Hageman

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

**CV12- 5447 JFW (PJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

**[X] Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

**[ ] Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

**[ ] Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
WILLIAM COHEN

**DEFENDANTS**
GLOBAL TEL*LINK CORPORATION

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Kenneth P. Koury (SBN 123993)
Kenneth P. Koury, Attorney at Law
5807 Topanga Canyon Blvd. Suite G-201
Woodland Hills, CA 91367
TEL 818-715-9149

Attorneys (If Known)
Robert J. Herrington (SBN 234417)
Denise M. Mayo (SBN 275561)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
TEL 310-586-7700

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** ________

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C §227 - Claims brought under Telephone Consumer Protection Act.

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☒ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R.& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV12-5447

**FOR OFFICE USE ONLY:** Case Number: ________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc. www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| William Cohen, Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Global Tel*Link Corporation, Alabama |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** June 22, 2012
Robert J. Herrington, Attorney for Defendant Global Tel*Link Corporation

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles, CA 90067-2101. My email address is hagemane@gtlaw.com.

On June 22, 2012, I served the document(s) described as **UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA CIVIL COVER SHEET** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Kenneth P. Koury
Kenneth P. Koury, Attorney at Law
5807 Topanga Canyon Blvd., Ste. G-201
Woodland Hills, CA 91367
Tel: 818-715-9149

☐ **(BY MAIL)** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **(BY FEDERAL EXPRESS)** I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Federal Express. Under the practice it would be deposited with Federal Express on that same day with postage thereon fully prepared at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☒ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 22, 2012, at Los Angeles, California.

Ellen Hageman

# Exhibit B

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 12-5447JFW (PJWx)** Date: September 27, 2012

Title: William Cohen *-v-* Global Tel Link Corporation, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER GRANTING DEFENDANT'S MOTION TO STAY MATTER PENDING ACTION BY THE FEDERAL COMMUNICATIONS COMMISSION [filed 8/27/12; Docket No. 16]**

On August 27, 2012, Defendant Global Tel*Link Corporation ("Defendant") filed a Motion to Stay Matter Pending Action by the Federal Communications Commission ("Motion"). Plaintiff William Cohen ("Plaintiff") did not file an Opposition. On September 24, 2012, Defendant filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 1, 2012 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

Pursuant to Local Rule 7-9, Plaintiff was required to file and serve his Opposition or Notice of Non-Opposition “not later than twenty-one (21) days before the date designated for the hearing of the motion,” or September 10, 2012. *See* Local Rule 7-9. Local Rule 7-12 provides that “[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion.” *See* Local Rule 7-12. As of September 25, 2012, Plaintiff has not filed an Opposition to Defendant’s Motion. Pursuant to Local Rule 7-12, the Court deems Plaintiff’s failure to file an Opposition or to otherwise comply with Local Rule 7-9 as consent to the granting of Defendant’s Motion.

Accordingly, Defendant’s Motion is **GRANTED**. The action is stayed pending action by the Federal Communications Commission (“FCC”) on Defendant’s March 4, 2010 Petition for Expedited Clarification and Declaratory Ruling (“Petition”). The parties are hereby ordered to file a Joint Status Report within five (5) days of a ruling by the FCC regarding Defendant’s Petition. In the Joint Report, the parties shall advise the Court of the FCC’s ruling and its effect on this action.

 Initials of Deputy Clerk sr

In addition, prior to a ruling by the FCC regarding Defendant's Petition, the parties shall file a Joint Status Report regarding the status of Defendant's Petition every ninety days, with the first Status Report due on December 26, 2012.

IT IS SO ORDERED.

Initials of Deputy Clerk sr

# Exhibit C

TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (480) 247-9644
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Sergio Hernandez

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

Sergio Hernandez,

Plaintiff,

vs.

Global Tel*Link Corporation; and DOES 1-10, inclusive,

Defendants.

Case No.: 8:14-cv-1536

**COMPLAINT FOR DAMAGES**

**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET. SEQ*.**

**JURY TRIAL DEMANDED**

For this Complaint, Plaintiff, Sergio Hernandez, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

4. Plaintiff, Sergio Hernandez (hereafter "Plaintiff"), is an adult individual residing in Anaheim, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant, Global Tel*Link Corporation ("Global"), is an Alabama business entity with an address of 2609 Cameron Street, Mobile, Alabama 36607, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual collectors employed by Global and whose identities are currently unknown to Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Global at all times acted by and through one or more of the Agents.

**FACTS**

8. Within the last four years, Global contacted Plaintiff.

9. At all times mentioned herein, Global called Plaintiff on his cellular telephone [714-XXX-0365] by using an automated telephone dialing system ("ATDS") and/or a prerecorded or artificial voice ("Robocalls").

10. Plaintiff never provided his cellular telephone number to Global and never provided his consent for Global to contact him.

11. Plaintiff has no prior relationship with Global.

12. When Plaintiff answered the calls from Global, he heard a prerecorded message, stating, "This is Global Tel Link."

13. Plaintiff spoke with Global and informed Global that it was calling the wrong number and requested that Global cease all calls to him and put him on the "Do Not Call List."

14. Despite Plaintiff's unequivocal request, Global continued contacting Plaintiff with ATDS and/or Robocalls at an excessive and harassing rate.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.***

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     Plaintiff never provided his cellular telephone number to Global and never provided his consent to be contacted on his cellular telephone.

17.     Without prior express consent, Global contacted Plaintiff by means of ATDS and/or Robocalls at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18.     Global continued to place ATDS and/or Robocalls to Plaintiff's cellular telephone after being advised that it had the wrong number and knowing that it lacked consent to call Plaintiff.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19.     The telephone number called by Global was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20.     The calls from Global to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: September 23, 2014 TRINETTE G. KENT

By: *_/s/ Trinette G. Kent_*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Sergio Hernandez

Exhibit D

TYLER R. ANDREWS
Nevada Bar No. 9499
andrewst@gtlaw.com
MOOREA L. KATZ
Nevada Bar No. 12007
katzm@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Fax: (702) 792-9002
Attorneys for Defendant
*Global Tel*Link Corporation*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ALICE LEE, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL TEL*LINK CORPORATION, a Delaware corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendant. | Court Case No.<br><br>District Court Case No. A-14-710805-C<br>District Court Dept. No. XXVII<br><br>NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 (a) & (c) |

Pursuant to the provisions of 28 U.S.C. § 1441(a) & (c) and 28 U.S.C. § 1446, Defendant Global Tel*Link Corporation ("Defendant" or "GTL"), by and through its counsel, files this notice of removal from the District Court of Clark County, Nevada, to the United States District Court for the District of Nevada. In support of removal, defendant states as follows:

1. The above-entitled action was commenced in the Eighth Judicial District Court, in and for Clark County, Nevada, Case No. A-14-710805-C and is now pending in that court ("State Court Action").

2. Plaintiff Alice Lee, commenced the State Court Action by filing a complaint ("Complaint") on December 8, 2014. (A copy of the Complaint is attached hereto as **Exhibit A.**)

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

3. The Complaint was served on defendant Global Tel*Link Corporation ("GTL") on December 23, 2014.

4. No further proceedings have been filed in the State Court Action.

5. On its face, the Complaint alleges that GTL violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.

6. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant pursuant to 28 U.S.C. § 1441(a) and (c) in that it asserts alleged violations of 47 U.S.C. § 227, and therefore presents a federal question.

7. This Court has jurisdiction over the Complaint's claims that arise under state law because a federal question predominates this action and the federal and state law claims arise from the same nucleus of operative fact and comprise but one constitutional case. See 28 U.S.C. §§ 1367, 1441(c).

8. This Court is the proper venue for the removal of this action because it is the district court of the United States for the district and division embracing the place where the action is pending. See 28 U.S.C. § 1441(a).

9. Thirty days have not elapsed since defendant GTL was served with the Complaint.

10. Pursuant to Section 28 U.S.C. § 1441, defendant is entitled to remove this action to this Court.

11. A true and correct copy of this Notice of Removal is being served on all named parties to this suit that have lodged an appearance in the State Court Action and filed this date with the Clerk of the Eighth Judicial District Court.

12. If any question arises as to the propriety of this removal, defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

of defendant's right to assert any defense or affirmative matter including, but not limited to, the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim, fraudulent joinder or any other procedural or substantive defense available to defendant.

Based on the foregoing, defendant hereby removes the State Court Action to this Court.

DATED this 12th day of January, 2015.

GREENBERG TRAURIG, LLP

BY: /s/ Moorea L. Katz

TYLER R. ANDREWS
Nevada Bar No. 9499
andrewst@gtlaw.com
MOOREA L. KATZ
Nevada Bar No. 12007
katzm@gtlaw.com
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169

***Attorneys for Defendant Global Tel*Link Corporation***

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 (a) & (b)** on:

Scott A. Marquis, Esq.
smarquis@maclaw.com
Candice E. Renka, Esq.
crenka@maclaw.com
Attorneys for Plaintiff

by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

**VIA CM/ECF E-FILING SYSTEM THROUGH E-SERVICE**

DATED this 12thday of January, 2015.

An employee of Greenberg Traurig, LLP

# EXHIBIT A

Electronically Filed
12/08/2014 09:10:07 AM

CLERK OF THE COURT

**Marquis Aurbach Coffing**
Scott A. Marquis, Esq.
Nevada Bar No. 6407
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
smarquis@maclaw.com
crenka@maclaw.com
Attorneys for Plaintiffs

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| ALICE LEE, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL TEL*LINK CORPORATION, a Delaware corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: A-14-710805-C<br>Dept. No.: XXVII<br><br>**ARBITRATION EXEMPTION REQUESTED:**<br><br>**CLASS ACTION** |

**COMPLAINT**

Plaintiff, ALICE LEE, individually and on behalf of all persons similarly situated (hereinafter "Plaintiff") by and through their attorneys of record, the law firm of Marquis Aurbach Coffing, alleges and complains as follows:

**PARTIES**

1. Plaintiff is an individual person and consumer who resides in Clark County, Nevada.

2. Plaintiff brings this action on behalf of herself and all persons similarly situated.

3. Defendant GLOBAL TEL*LINK CORPORATION is a Delaware corporation, doing business in Clark County, Nevada.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

4. The names and capacities, whether individuals, corporate, associate or otherwise of Defendants named herein as DOE and ROE CORPORATION are unknown or not yet confirmed. Upon information and belief, said DOE and ROE CORPORATION Defendants are responsible for damages suffered by Plaintiff and, therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to show the true names and capacities of each DOE and ROE CORPORATION Defendant at such time as the same has been ascertained.

## JURISDICTION AND VENUE

5. This Court possesses subject matter jurisdiction over this matter because Clark County, Nevada is the judicial district in which a substantial part of the events or omissions giving rise to the claims set forth herein occurred.

6. Nevada state courts have general jurisdiction over claims arising under the TCPA. Edwards v. Direct Access, LLC, 121 Nev. 929, 932, 124 P.3d 1158, 1160 (2005).

7. Even if the damages under the TCPA do not meet the district court's jurisdictional threshold, if the plaintiff seeks injunctive relief, the injunctive relief claim triggers the district court's original jurisdiction over all claims. Edwards v. Emperor's Garden Restaurant, 122 Nev. 317, 324, 130 P.3d 1280, 1284 (2006).

8. Venue is proper in the Eighth Judicial District Court, Clark County, Nevada because Defendant conducted business in Clark County by using an automated telephone dialing system to make a telemarketing call to Plaintiff's cell phone without prior written, express consent. Plaintiff received the automated call while in Clark County, Nevada.

## NATURE OF THE ACTION

9. This is a proposed class action brought on behalf of consumers that received telemarketing calls to their cell phones made by an automated telephone dialing system ("ATDS") by or on behalf of Defendants, for which calls the Defendants never obtained express, written consent from the consumers.

10. Plaintiff alleges that Defendant's use of an ATDS to make telemarketing phone calls to consumers' cell phones without prior express, written consent violates the Telephone

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and the Nevada Deceptive Trade Practices Act, ("NVDTPA"), NRS Chapter 598. Moreover, a violation of the TCPA is a *per se* violation of the NVDTPA. NRS 598.023(3).

11. The TCPA, as interpreted by Federal Communications Commission ("FCC") prohibits the use of an ATDS to make telemarketing calls to consumers' cell phones unless the consumer has provided express, written consent.

12. Plaintiff brings this action in her individual capacity and on behalf of the classes of persons similarly situated, as defined below.

## GENERAL ALLEGATIONS

13. On or about September 12, 2014, Plaintiff received a prerecorded call from Global Tel*Link informing her to pay money to fund her account so that she could receive calls from an inmate.

14. The call came from 800-483-8314 to Plaintiff's personal cell phone, while Plaintiff was in Clark County, Nevada.

15. The prerecorded message stated, "This is GTL Advanced Pay Services. To receive collect calls from an inmate at a correctional facility you must first fund a prepaid calling account or apply funds to an existing account. Press 1 to hear this message again or press 2 to add funds to your account."

16. Upon information and belief, the call was made using an ATDS.

17. The call was a telemarketing call.

18. Plaintiff has never provided Defendants express, written consent to receive telemarketing calls made by an ATDS to her cell phone.

19. Defendant knew or should have known that it did not have the prior express, written consent of Plaintiff or any other members of the classes to use an ATDS to make telemarketing calls to their cell phones.

20. As a result of Defendant's conduct, class members have suffered damages in that they have been charged by their cell phone carrier for minutes, time, or usage for the calls made by Defendant.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

21. As a result of Defendant's conduct, class members have suffered a violation of their right to privacy.

**CLASS ALLEGATIONS**

**NATIONAL CLASS**

22. Plaintiff brings this action pursuant to NRCP 23 as a class action on behalf of herself and on behalf of a National Class defined as:

> ALL PERSONS RESIDING IN THE UNITED STATES WHO RECEIVED A TELEMARKETING CALL ON THEIR CELL PHONE, MADE BY AN AUTOMATED TELEPHONE DIALING SYSTEM BY OR ON BEHALF OF DEFENDANT, WHO HAD NOT PROVIDED DEFENDANT EXPRESS, WRITTEN CONSENT TO RECEIVE SUCH CALLS, WITHIN THE FOUR YEARS PRIOR TO THE DATE OF THE FILING OF THIS COMPLAINT.

23. Plaintiff and members of the National Class received telemarketing calls to their cell phones, made by an ATDS by or on behalf of Defendant and had not provided Defendant express, written consent to receive such calls, within the four years prior to the date of the filing of this Complaint, in violation of the TCPA.

**NEVADA CLASS**

24. Plaintiff also brings this action on behalf of a Class comprised of Nevada residents ("Nevada Class") defined as:

> ALL PERSONS RESIDING IN NEVADA WHO RECEIVED A TELEMARKETING CALL ON THEIR CELL PHONE, MADE BY AN AUTOMATED TELEPHONE DIALING SYSTEM BY OR ON BEHALF OF DEFENDANT, WHO HAD NOT PROVIDED DEFENDANT EXPRESS, WRITTEN CONSENT TO RECEIVE SUCH CALLS, WITHIN THE FOUR YEARS PRIOR TO THE DATE OF THE FILING OF THIS COMPLAINT.

25. Plaintiff and members of the Nevada Class received telemarketing calls to their cell phones, made by an ATDS by or on behalf of Defendant and had not provided Defendant express, written consent to receive such calls, within the four years prior to the date of the filing of this Complaint, in violation of the NVDTPA.

26. The requirements for maintaining this action as a class action under Rule 23 of the Nevada Rules of Civil procedure are satisfied:

27. **NUMEROSITY:** It is impracticable to bring all members of the National Class and the Nevada Class (collectively, "Class Members") before the Court. Plaintiff estimates that

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

there are thousands of Class Members, geographically spread throughout the United States, and that their identities can be ascertained from Defendant's books and records. Attempting to join and name each Class member as a Co-Plaintiff would be unreasonable and impracticable.

28. **COMMONALITY:** There is a well-defined commonality of interest in the questions of law and fact involving Class Members in that all Class Members received telemarketing calls, made by an ATDS, to their cell phones, from Defendant in violation of the TCPA and NVDTPA.

29. **PREDOMINANCE:** There are questions of law and fact common to the Class Members, which are identical for each Class Member and which predominate over the questions affecting the individual Class Members, if any, which include:

a. Whether Defendant violated the TCPA and the NVDTPA when using an ATDS to make telemarketing calls to Class Members' cell phones without express, written consent;

b. Whether Defendant used an ATDS to make the calls;

c. Whether the calls were telemarketing calls;

d. Whether the calls were made to Class Members' cell phones;

e. Whether the Class Members provided express, written consent to receive the calls;

f. Whether Plaintiff and Class Members are entitled to damages under the TCPA;

g. Whether Plaintiff and Class Members are entitled to damages under the NVDTPA;

h. Whether Plaintiff and Class Members are entitled to treble damages under the TCPA; and

i. Whether Plaintiff and Class Members are entitled to injunctive relief under the TCPA;

30. **TYPICALITY:** The claims of the Plaintiff are typical of the Class Members in that Plaintiff is informed and believes that each Class Member received a telemarketing call from Defendant, made using an ATDS to their cell phone without having provided express, written

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

consent to Defendant. Also, there is uniformity in the federal and state legislation prohibiting the practice complained of and providing statutory damages that may be pursued in state court. In this action, Plaintiff and the Class Members seek an injunction prohibiting Defendant's using an ATDS to make telemarketing calls to consumers' cell phones without express, written consent; damages; attorney fees; and costs incurred in the prosecution of this action.

31. **ADEQUACY:** Plaintiff is willing to devote the time necessary to serve as representative of the National Class and the Nevada Class and work with class counsel. Plaintiff's attorneys are experienced and knowledgeable in class action litigation in Nevada, and they will fairly and adequately represent the interests of the National Class and the Nevada Class and have no interests antagonistic to the class.

32. **SUPERIORITY:** There is no plain, speedy or adequate remedy other than maintenance of this class action since Plaintiff is informed and believes that a class action is superior to any other available means for the adjudication of this controversy.

a. This action will cause an orderly and expeditious administration of the Class Member's claims. A class action will save time, effort and expense, and will ensure uniformity of decisions at the lowest cost and with the least toll on judicial resources.

b. Because the loss suffered by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Class Members to individually seek redress. Plaintiff believes that Class Members, to the extent they are aware of their rights against Defendant, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages warranted and/or the value of individual injunctive relief.

c. Hence, a class action is the only feasible means of recovery for the Class Members. Furthermore, without a class action, Class Members will continue to suffer damages and Defendant will continue to violate federal and state law, retaining and reaping the proceeds of their wrongful marketing practices.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

33. **MANAGEABILITY:** There are no manageability problems due to variations in state laws or choice of law provisions, because the TCPA applies to the claims of all the Class Members asserted herein, and Nevada law applies to the Nevada Class. Further, the evidence proving Defendant's violation of the statutes is ascertainable through discovery. The identities of the Class Members are known by Defendants, and damages can be calculated from Defendant's records. Thus, this action poses no unusual difficulties that would impede its management by the Court as a class action.

**FIRST CLAIM FOR RELIEF**

**(Violation of the Telephone Consumer Protection Act 47 USC § 227 et seq.)**

34. Plaintiff repeats and realleges the above paragraphs as though fully stated herein.

35. Defendant used an ATDS to make telemarketing calls to the Class Members' cell phones without express, written consent from the Class Members.

36. By using an ATDS, Defendant was able to effectively send thousands of telemarketing calls to thousands of consumers' cell phone numbers.

37. Defendant's calls were made using an artificial prerecorded voice. By using an ATDS and a prerecorded message, Defendant was able to simultaneously call thousands of wireless customers without any human intervention and at very little cost to Defendant.

38. Upon information and belief, Defendant itself used the ATDS to make the calls or had a high degree of involvement in the making of the calls. For example, Defendant:

a. Knew that the calls were being made with an ATDS;

b. Knew that the calls were telemarketing calls;

c. Knew that the calls were being made to Class Members' cell phones;

d. Knew that the Class Members had not provided express, written consent to receive such calls;

e. Participated in preparing the content of the calls or messages;

f. Provided or obtained the cell numbers of the Class Members; and

g. Received compensation for or a benefit from making such calls.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

39. As a result of Defendant's conduct, Plaintiff and the Class Members have suffered damages by being charged by their cell phone carriers for the minutes, time, or usage for the calls made by Defendant.

40. As a result of Defendant's conduct, Class Members have suffered a violation of their right to privacy.

**SECOND CLAIM FOR RELIEF**

**(Violation of the Nevada Deceptive Trade Practices Act NRS Chapter 598)**

41. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

42. Defendant willfully and knowingly violated the TCPA, which is a statute relating to the sale or lease of goods or services. NRS 41.600; NRS 598.0923(3).

43. Defendant engaged in a deceptive trade practice.

44. As a direct and proximate result of Defendant's deceptive trade practice, Plaintiff and Nevada Class Members have suffered damages in an amount to be proven at trial.

45. Plaintiff and Nevada Class Members are victims of consumer fraud and are therefore entitled to damages as well as attorney fees and costs. NRS 41.600.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Relief)**

46. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

47. A genuine dispute exists between the parties regarding the Defendant's illegal calls to Plaintiff and Class Members.

48. The interests of the parties are adverse.

49. This Court should declare that based upon the Defendant's violation of federal and Nevada law, that Plaintiff and Class Members are entitled to $500 damages per call, treble damages for each call, injunctive relief, attorney fees, and costs.

50. It has become necessary for Plaintiff and Class Members to engage the services of an attorney to prosecute this action; therefore, Plaintiff and Class Members are entitled to costs and attorney fees as special damages.

**FOURTH CLAIM FOR RELIEF**

**(Attorney Fees as Special Damages)**

51. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

52. As a direct and proximate result of Defendant's conduct, it has been necessary for Plaintiff and Class Members to retain the services of an attorney in order to prosecute this action and, therefore, Plaintiff and Class Members are entitled to an award of reasonable attorney fees and costs incurred herein as special damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendants:

1. Certification of the National Class and Nevada Class;

2. A Declaration that Defendant has violated the TCPA because it failed to obtain express, written consent to make the calls to Plaintiff or the Class Members;

3. Judgment in the amount of $500 for Plaintiff and each member of the National Class and the Nevada Class for statutory damages for each call received by them from Defendant;

4. Judgment in the amount equal to three times the damages to Plaintiff and the Class Members under the TCPA;

5. Granting extraordinary, equitable, and/or injunctive relief as permitted by law to ensure that Defendant will stop making the illegal calls;

///

///

///

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

6. For an award of reasonable attorney fees and costs of suit; and

7. For any further relief as the Court deems to be just and proper.

Dated this 8th day of December, 2014.

MARQUIS AURBACH COFFING

By /s/ Candice E. Renka, Esq.
Scott A. Marquis, Esq.
Nevada Bar No. 6407
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Plaintiffs

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**Marquis Aurbach Coffing**
Scott A. Marquis, Esq.
Nevada Bar No. 6407
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
smarquis@maclaw.com
crenka@maclaw.com
Attorneys for Plaintiffs

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

ALICE LEE, individually and on behalf of all persons similarly situated,

Plaintiff,

vs.

GLOBAL TEL*LINK CORPORATION, a Delaware corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,

Defendants.

**INITIAL APPEARANCE FEE DISCLOSURE**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

ALICE LEE .................................................................... $270.00

**TOTAL REMITTED** ...................................................... **$270.00**

Dated this 8th day of December, 2014.

MARQUIS AURBACH COFFING

By */s/ Candice E. Renka, Esq.*
Scott A. Marquis, Esq.
Nevada Bar No. 6407
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Plaintiffs

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

# Exhibit E

**United States District Court**
**District of Nevada (Las Vegas)**
**CIVIL DOCKET FOR CASE #: 2:15-cv-00063-RFB-VCF**

Lee v. Global Tel*Link Corporation
Assigned to: Judge Richard F. Boulware, II
Referred to: Magistrate Judge Cam Ferenbach
Case in other court: Eighth Judicial District Court, Clark County, NV, A-14-710805-C
Cause: 28:1441 Petition for Removal

Date Filed: 01/12/2015
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Alice Lee** represented by **Candice Renka**
Marquis & Aurbach
10001 Park Run Drive
Las Vegas, NV 89145
702-382-0711
Email: crenka@maclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott A Marquis**
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145
382-0711
Fax: 382-5816
Email: smarquis@maclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Global Tel*Link Corporation** represented by **Tyler Andrews**
Greenberg Traurig
3773 Howard Hughes Pkwy
Suite 400 North
Las Vegas, NV 89169
702-792-3773
Fax: 702-792-9002
Email: andrewst@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Moorea L Katz**

Greenberg Traurig, LLP
3773 Howard Hughes Pky, Ste 400N
Las Vegas, NV 89169
702-792-3773
Email: katzmo@gtlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/12/2015 | 1 | PETITION FOR REMOVAL from Eighth Judicial District Court, Case Number a-14-710805-C, (Filing fee $ 400 receipt number 0978-3520142), filed by Global TelLink Corporation. Certificate of Interested Parties due by 1/22/2015. (Attachments: # 1 Civil Cover Sheet) (Katz, Moorea) (Entered: 01/12/2015) |
| 01/13/2015 | | Case assigned to Judge Richard F. Boulware, II and Magistrate Judge Cam Ferenbach. (MAJ) (Entered: 01/13/2015) |
| 01/13/2015 | 2 | NOTICE PURSUANT TO LOCAL RULE IB 2-2: In accordance with 28 USC § 636(c) and FRCP 73, the parties in this action are provided with a link to the "AO 85 Notice of Availability, Consent, and Order of Reference - Exercise of Jurisdiction by a U.S. Magistrate Judge" form on the Court's website - www.nvd.uscourts.gov. **AO 85 Consent forms should NOT be electronically filed.** Upon consent of all parties, counsel are advised to manually file the form with the Clerk's Office. (A copy of form AO 85 has been mailed to parties not receiving electronic service.)<br><br>NOTICE OF GENERAL ORDER 2013-1 AND OPPORTUNITY FOR EXPEDITED TRIAL SETTING: The parties in this action are provided with a link to General Order 2013-1 and the USDC Short Trial Rules on the Court's website - www.nvd.uscourts.gov. If the parties agree that this action can be ready for trial within 180 days and that a trial of this matter would take three (3) days or less, the parties should consider participation in the USDC Short Trial Program. If the parties wish to be considered for entry into the Court's Short Trial Program, they should execute and electronically file with USDC Short Trial Form 4(a)(1) or Form 4(a)(2).<br><br>**(no image attached)** (MAJ) (Entered: 01/13/2015) |
| 01/13/2015 | 3 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Richard F. Boulware, II, on 1/13/2015. Statement regarding removed action is due by 1/31/2015. Joint Status Report regarding removed action is due by 2/15/2015. (Copies have been distributed pursuant to the NEF - MAJ) (Entered: 01/13/2015) |
| 01/21/2015 | 4 | CERTIFICATE of Interested Parties filed by Alice Lee. There are no known interested parties other than those participating in the case . (Renka, Candice) (Entered: 01/21/2015) |

| | | |
|---|---|---|
| 01/21/2015 | 5 | DEMAND for Trial by Jury by Plaintiff Alice Lee . (Renka, Candice) (Entered: 01/21/2015) |
| 01/22/2015 | 6 | CERTIFICATE of Interested Parties filed by Global TelLink Corporation. There are no known interested parties other than those participating in the case . (Katz, Moorea) (Entered: 01/22/2015) |
| 01/28/2015 | 7 | CERTIFICATE OF SERVICE by Defendant Global TelLink Corporation. (Katz, Moorea) (Entered: 01/28/2015) |
| 01/28/2015 | 8 | STATEMENT RE: REMOVAL filed by Defendant Global TelLink Corporation. (Katz, Moorea) Modified on 1/29/2015 (EDS). (Entered: 01/28/2015) |
| 02/12/2015 | 9 | Joint STATUS REPORT by Plaintiff Alice Lee. (Renka, Candice) (Entered: 02/12/2015) |
| 02/17/2015 | 10 | STIPULATION *and Order to Transfer Venue to Central District of California* by Defendant Global TelLink Corporation. (Katz, Moorea) (Entered: 02/17/2015) |
| 03/02/2015 | 11 | MINUTE ORDER IN CHAMBERS of the Honorable Richard F. Boulware, II, on 3/2/2015.<br><br>IT IS HEREBY ORDERED that, for the convenience of parties and in the interest of justice, the parties' Stipulation 10 to Transfer Venue is GRANTED. IT IS FURTHER ORDERED that this action be transferred to the Central District of California.<br><br>(Copies have been distributed pursuant to the NEF - BEL) (Entered: 03/02/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/15/2015 11:49:21 | | | |
| **PACER Login:** | gt0228:2558064:3957118 | **Client Code:** | 118920.017800 |
| **Description:** | Docket Report | **Search Criteria:** | 2:15-cv-00063-RFB-VCF |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |