Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone (619) 665-3888
Fax (314) 241-5777

Timothy J. Sostrin (PHV counsel)
tsostrin@keoghlaw.com
Keogh Law, LTD
55 W. Monroe, Ste. 3390
Chicago, IL 60603
Phone (312) 726-1092
Fax (312) 726-1093

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. MARTIN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>GLOBAL TEL*LINK CORPORATION,<br><br>　　　　　　Defendant. | Case No. 4:15-cv-00449-YGR<br><br>**RESPONSE TO DEFENDANT GLOBAL TEL*LINK CORPORATION'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES** |

Plaintiff David W. Martin ("Martin" or "Plaintiff") files his opposition to Defendant Global Tel*Link Corporation's ("GTL" or "Defendant") Motion to Transfer Venue to the Central District of California

## I. PRELIMINARY STATEMENT

GTL misconstrues the first-to-file doctrine by arguing that two <u>individual</u> actions, *Cohen v. Global Tel\*Link Corporation*, 2:12-cv-05447-JFW-PJW ("Cohen") and *Hernandez v. Global Tel\*Link Corporation*, 8:14-cv-01536 ("Hernandez"), should determine venue for this class action. There is no similarity of the parties between those individual actions and this class action, so GTL's first-to-file argument fails.

GTL further misconstrues the first-to-file doctrine by arguing that *Lee v. Global Tel\*Link Corporation,* District of Nevada No. 2:15-cv-00063-RFB-VCF ("*Lee*"), a class action filed <u>after</u> this action and recently removed from the District of Nevada[1] to the Central District of California by consent of those parties, should also require a change of venue for this case, which was filed *before Lee*. It is this case, *Martin v. GTL*, that is the first filed class action. As will be discussed below, the status of first-filer is determined by the pleading in effect at the time of the filing of the motion for change of venue, not at some point prior to that in an abandoned pleading. GTL therefore cannot rely on the first-to-file doctrine as a basis to transfer the venue of this case.

Ultimately, GTL has failed to establish the requirements of Section 1404(a) for transfer of venue to the Central District of California. GTL has no presence in that District and there is no evidence held in that District, because GTL's offices are in Virginia. Further, the plaintiff resides and the conduct occurred here, in the Northern District of California. The interests of justice do not support a change of venue.

## II. BACKGROUND INFORMATION AND SUMMARY OF PROCEDURAL HISTORY

Plaintiff seeks to represent a putative national class against GTL, alleging violations of the Telephone Consumer Protection Act 47 U.S.C. 227 *et seq*. (the "TCPA"). Specifically, the plain language of section 227(b)(1)(A)(iii), prohibits the use of auto-dialers or an artificial or a prerecorded voice to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

Before this action was filed, two other *individual* (not putative class) actions had been filed in the Central District of California (Cohen and Hernandez). Plaintiff in this action filed his original Complaint in the Southern District of California on December 5, 2014. Three days after this action was filed, *Lee* was filed in Nevada state

---

[1] Lee has not been received in the Central District of California as of the date of this filing.

court and subsequently removed to the United States District Court for the District of Nevada. *Lee* was subsequently ordered transferred to the Central District of California.

On December 16, 2014, before GTL had appeared in the action, District Judge Burns issued an Order to Show Cause as to why the complaint should not be dismissed for improper venue. (Doc. No. 3.) Plaintiff responded, asserting that venue was proper in the Southern District of California based on allegations that GTL does business there. (Doc. No. 4.) Alternatively, Plaintiff requested transfer to the Northern District of California, based on allegations that Plaintiff lived there and that a substantial part of the events giving rise to the claim allegedly occurred there. (*Id.*)

Plaintiff's Complaint quoted language from GTL's appendix attached to its Motion to Stay in the *Cohen* case, which explained their autodialing system in order to cite more detailed factual bases for some allegations (Doc. No.1, *Complaint,* ¶¶ 16-17). While nothing in Plaintiff's response to the Order to Show Cause mentioned the existence of that earlier filed case, the complaint, as defendant has already emphasized, did and the Court references the complaint, cites it and specific paragraphs in its Order to Show Cause (Doc No. 3.) As neither *Cohen* nor *Hernandez*, the individual actions previously filed in the Central District of California, nor *Lee*, the class action filed in the District of Nevada *after* this case, were relevant to the venue of the putative class action, there was nothing for Plaintiff to alert the Court to in the response to the order to show cause.

In his order transferring the action to the Northern District of California, District Judge Burns did note that Plaintiff alleged he resided there and that he received the subject phone calls there. (Doc. No. 5-1.) While GTL had not appeared in the action at that point, they were served with a copy of the opposition on January 5, 2015. (Doc. No. 4, *Plaintiff's Response in Opposition to Order to Show Cause* C*ertificate of Service, p. 6.)*

3
RESPONSE TO MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA
4:15-cv-00449-YGR

## III. THIS ACTION SHOULD REMAIN IN THE NORTHERN DISTRICT OF CALIFORNIA WHERE THE REPRESENTATIVE PLAINTIFF RESIDES.

Because Plaintiff seeks to represent a putative nationwide class against GTL, GTL argues incorrectly that his claims duplicate those already pending in the actions in the Central District of California. GTL ignores the critical distinction between individual and class actions for purposes of similarity of parties under the first to file rule.

"The first-to-file rule may only be 'invoked when a complaint involving the same parties [has] already been filed in another district.'" *Bibo v. Fed. Express, Inc.*, 2007 U.S. Dist. LEXIS 78388 (N.D. Cal. 2007), *citing Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Thus, an *individual* action cannot be first filed as to a later filed case brought by a different plaintiff.

For instance, in *Bibo*, the court rejected a first to file argument because the earlier filed case was no longer a class action. *See Id* ("FedEx argues briefly in its reply that Karamian should be given deference as the first-filed case because it was filed nine months before this case. However, since the Karamian plaintiffs missed the class certification deadline, the issue is now moot … Now that Karamian will not proceed as a class action, the parties are not the same as the parties in this case.") Similarly, in *Dubee v. P.F. Chang's China Bistro, Inc*, the court rejected a first to file argument because the earlier filed case was proceeding only as an individual action, holding as follows:

> "While P.F. Chang's China Bistro is the defendant in both actions, the plaintiffs are neither the same nor "substantially similar." As stated, while the Vasquez action was originally filed as a putative class action, it is now proceeding solely as an individual action. In the instant case, plaintiff Dubee is proceeding as a representative plaintiff on behalf of himself and all other California P.F. Chang's employees that are similarly situated. While this class — if certified — could encompass the plaintiff in Vasquez, the claims asserted by the plaintiff in Vasquez do not (and will not) encompass plaintiff and the putative class in the instant action. For this reason, the two actions are not substantially similar with respect to the parties involved." 2010 U.S. Dist. LEXIS 94044 (N.D. Cal. 2010)

Thus, neither *Cohen* nor *Hernandez* are first filed here.

GTL also argues incorrectly that this action was a second filer to the *Lee* action, because the original Complaint in this action sought to represent only a California putative class and that after transfer to this District, Plaintiff filed a First Amended Class Action Complaint, in which he now seeks to represent not only a California putative class, but also a national putative class. GTL is incorrect. This action is the first-filer.

The first-to-file rule is a "'doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'" *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir.2011) (quoting *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir.1982)). This rule "was developed to 'serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly.' " *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir.1991) (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir.1979)). In addition to judicial efficiency, the rule helps "prevent[ ] the risk of inconsistent decisions that would arise from multiple litigations of identical claims." *Ruckus Wireless, Inc. v. Harris Corp.*, 11–cv–019440–LHK, 2012 WL 588782 (N.D.Cal. Feb. 22, 2012).

Defendant's characterization of *Lee* as first-filer based on that being the first-filed action to name a nationwide class uses the wrong point in time to determine what pleadings apply. GTL would have the time of filing of this action to be when the FAC was filed. GTL misunderstands the window the court uses. It does not consider past prior pleadings but rather *the pleadings that exist at the time this motion was filed*. "Substantial similarity of the parties is determined by comparing the proposed classes as they currently stand." (emphasis added) *Gardner v. GC Services, LP*, No. 10-CV-997-IEG (CAB), 2010 WL 2721271, *5 (S.D.Cal. July 6, 2010) ("the focus is on the composition of the two classes at this point."); accord *Dubee v. P.F. Chang's China Bistro, Inc.*, No. C 1001937 WHA, 2010 WL 3323808, *2 (N.D.Cal. August 23, 2010).

As they currently stand, *this action* is the first filed class action, because it alleges

a nationwide class which encompasses the *Lee* Plaintiff. Not the other way around. Thus, GTL cannot rely on the *Lee* action for its first to file argument either

Section 1404(a) authorizes this Court to transfer this action to another district. 28 U.S.C. § 1404(a). The goal of Section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The statute presents a two-part test on its face: (1) the transferee district must be one in which the action "might have been brought;" and (2) the transfer must be for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a); *see also In re Galectin Therapeutics, Inc. Sec. Litig.*, Nos. 3:14-cv-00399-RCJ-WGC and 3:14-cv-00402-RCJ-WGC, 2015 WL 260881, at *2 (D.Nev. Jan. 21, 2015) (same). Here, neither part of the test is satisfied.

### A. Defendant Fails to Establish the Residency of Defendant in the Central District

Plaintiff disputes that this case could have been brought in the Central District of California. Defendant fails to cite any evidence or facts for their assertion that the Defendant resides in the Central District and the fact that jurisdiction based on its residence was unopposed in the pending actions in the Central District, where its counsel has offices, does not establish residency.

However assuming without conceding it could have, GTL's motion to transfer then turns on whether the Court finds it appropriate to transfer the case to the Central District "[f]or the convenience of the parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a).

### B. Interests of Justice[2]

Defendant's primary argument is that transferring the case will serve the interests

---

[2] All citations are from *Bibo v. Fed. Express, Inc.*, No. C07-2505TEH, 2007 WL 2972948, at *2-3 (N.D. Cal. Oct. 10, 2007)

of justice. In determining whether a case should be transferred based on the interests of justice, the Court can consider whether transfer will avoid duplicative litigation, affect judicial economy, and limit waste of time and money. *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). GTL argues that because there are three actions already pending against it in the Central District, this Court should transfer the case there to prevent duplication of efforts and inconsistent legal results related to the class actions.

     GTL's argument is flawed as it ignores the basic difference in the party plaintiffs in the two individual actions compared to the two class actions. Both *Cohen and Hernandez* are individual actions on behalf of different plaintiffs, and there is no threat of inconsistent adjudication with the class cases as there is no similarity of parties and as there is an additional layer of F. R. Civ. P. 23 law and procedure, no similarity of claims. Although the potential for inconsistent rulings may exist on pre-trial disputes or on the case's final disposition, GTL has failed to provide the any specific information that indicates there is a high risk for inconsistent adjudication.

     Additionally, Defendant assumes that District Judge John F. Walter will relate *Lee* to *Cohen and Hernandez,* thereby avoiding inconsistencies between the three which is speculative at this point and doubtful as the parties in *Lee*, a class action, are not substantially similar to the individual actions in *Cohen and Hernandez.*

     In light of all of the above, the interests of justice weigh against transfer.

### C. The Remaining Factors Weigh Against Transfer Or Are Neutral Plaintiffs' Choice Of Forum

     The plaintiff's choice of forum is afforded substantial weight in the § 1404(a) balancing test, and courts should not generally transfer unless the convenience and justice factors strongly favor the defendant's choice of venue. *Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir.1985) (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). Thus, with certain exceptions, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the

plaintiff's choice of forum." *Decker Coal Co.,* 805 F.2d at 843.

The plaintiff's choice of forum is given less weight where the plaintiff does not reside in the selected forum and the forum has no interest in the alleged unlawful activity. *Chrysler Capital Corp. v. Woelhing,* 663 F.Supp. 478, 482 (D.Del.1987). These exceptions are not applicable here because the named plaintiffs reside in this district, and this Court has a clear interest in protecting such residents against the illegal actions of the defendant.

Defendant also argues that the Court should give Plaintiff's forum choice less deference because this case is a class action however Plaintiff's choice of forum remains significant in a class action where it is preferable to other forums in administering the action and protecting the class. *National Super Spuds, Inc. v. New York Mercantile Exchange,* 425 F.Supp. 665, 668 (S.D.N.Y.1977) (citing *Koster v. Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 526, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)). The Northern District of California is preferable to the Central District because the named plaintiff lives in this district, and it is expected that the witnesses in the prisons that prompted the calls from Defendant to Plaintiff would be other important witnesses, in addition to GTL's account and sales personnel that sell and install and presumably understand how GTL's autodialing systems in the Northern District, work. As a result, the Plaintiff's choice of forum should be given deference, and therefore weigh against transfer.

### D. Convenience of the Parties

It is not disputed that the named Plaintiff lives in the San Francisco Bay Area and that Defendant is a Delaware corporation with its principle place of business in Virginia. Thus, the Northern District of California is no more or less convenient for Defendant than the Central District.

The Northern District of California is, however, more convenient to the named Plaintiff since he resides here in Oakland. While it may be more convenient for GTL to litigate in the Central District because defense counsel is located there, "convenience of counsel is not a consideration in determining whether to transfer an action." *E. & J. Gallo*

8
RESPONSE TO MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA
4:15-cv-00449-YGR

*Winery,* 899 F.Supp. at 466; *accord In re Horseshoe Entertainment,* 337 F.3d 429, 434 (5th Cir.2003); *Solomon v. Continental Am. Life Ins. Co.,* 472 F.2d 1043, 1047 (3d Cir.1973). As Defendant has not described any inconvenience that would result for the parties if the motion is denied, this factor does not weigh in favor of transfer.

### E. Convenience of the Witnesses

Defendant has failed to identify any relevant witnesses that would be inconvenienced by trial in the Northern District, nor their location, or their testimony and it's relevance to meet its burden regarding the convenience of the witnesses and access to evidence. "To demonstrate an inconvenience to witnesses, the moving party must identify relevant witnesses, state their location, and describe their testimony and its relevance." *Sec. & Exch. Comm'n v. Rose Fund, LLC,* No. C 03-04593WHA, 2004 WL 2445242, at *3 (N.D.Cal. Jan.9, 2004); *see also Royal Queentex,* 2000 WL 246599 at *6.

Both venues are equally convenient or inconvenient for the defendant's witnesses based at the company's headquarters in Virginia, and GTL did not name any specific witnesses that live outside the Northern District. Defendant opinioned that there may be more class members located in the Central District than but did not point to any evidence for this opinion. However, even conceding without admitting that Defendant's opinion may be accurate it has no bearing on the convenience of the forum to the named Plaintiff who will ultimately be representing the class's interests.

### F. Ease of Access to Evidence

Defendant assumes that because this is a nationwide class evidence would be access equally accessible throughout the country. There is no indication that the Central District would make access to Plaintiff's evidence of his calls he received or the mechanism involved the prisons in the Northern District to be equally accessible in either district. Ease of access to evidence would not be the same in either district. Therefore, this factor does not weigh in favor of transfer.

### G. Familiarity with the Applicable Law

Plaintiff agrees that both courts are equally familiar with the applicable law

making this factor neutral.

### H. Feasibility of Consolidation with Other Claims

Contrary to Defendant's assertion, this action, not *Lee,* would be the case enveloping *Hernandez* and *Cohen* and as such would ease, rather than add, to the congestion in the Central District more than adding this action to that courts caseload. Further as this case was first filed, (see above discussion) if anything, *Lee* should be transferred to the Northern District once it arrives in the Central District. This factor would weigh heavily against transfer of this action.

### I. Local Interest in the Controversy

This is a neutral factor.

### J. Relative Court Congestion

See above discussions under B. Interests of Justice and H. Feasibility of Consolidation with Other Claims.

## IV. CONCLUSION

GTL's Motion to Transfer Venue should be denied.

Respectfully Submitted,

Dated April 3, 2015

Lester & Associates
By: /s/ Patric A. Lester
Patric A. Lester
Attorney for Plaintiff,
David W. Martin
pl@lesterlaw.com

Dated April 3, 2015

Keogh Law, LTD
By: /s/ Timothy J. Sostrin
Timothy J. Sostrin
Attorney for Plaintiff,
David W. Martin
tsostrin@keoghlaw.com

Re: Martin v Global Tel*Link Corp,
Case No. 4:15-cv-00449-YGR
United States District Court, Northern District Of California

# CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

On the date below I electronically filed with the Court through its CM/ECF program and served through the same program the following

**Response to Motion to Transfer Venue to the Central District of California**

on the interested parties in said case as follows:

Robert J. Herrington
GREENBERG TRAURIG LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Representing: Global Tel*Link Corporation
HerringtonR@gtlaw.com

For each addressee named above, that is not registered as a CM/ECF user, by First Class Mail, by placing a copy thereof in a separate envelope addressed to each addressee respectively, and then sealing each envelope and, with the postage thereon fully prepaid, then depositing each in the United States mail at San Diego,

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated April 3, 2015

/s/ Patric A. Lester
Patric A. Lester
Attorney for Plaintiff,
pl@lesterlaw.com

11
RESPONSE TO MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA
4:15-CV-00449-YGR